# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY W. PERRY,
                 Appellant,

            v.

DEPARTMENT OF COMMERCE,
                 Agency.

DOCKET NUMBERS
DC-0752-12-0486-B-1
DC-0752-12-0487-B-1

DATE: August 6, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony W. Perry</u>, Upper Marlboro, Maryland, pro se.

<u>Tyree P. Ayers</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his suspension and involuntary retirement appeals because of a settlement agreement entered into before the U.S. Equal Employment Opportunity Commission (EEOC).  Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      In August 2011, the appellant and the agency entered into a settlement agreement before the EEOC wherein the appellant agreed, inter alia, to voluntarily resign or retire no later than September 4, 2012, to serve a 30-day suspension which the agency would issue in lieu of effectuating a removal action it proposed in June 2011, and to waive his Board appeal rights with respect to the aforementioned actions.   MSPB Docket No. DC-0752-12-0486-I-1 (0486-I), Initial Appeal File (IAF), Tab 14, Subtab 1 at 15-20.  After he served the 30-day suspension and retired pursuant to the settlement agreement, the appellant filed an appeal with the Board regarding the 30-day suspension and his retirement, which he alleged was involuntary.  0486-I, IAF, Tab 1 at 6, ¶ 20; MSPB Docket No. DC-0752-12-0487-I-1 (0487-I), IAF, Tab 1 at 5, ¶ 20.

¶3      The administrative judge docketed the suspension and involuntary retirement claims as two separate appeals and later dismissed both appeals

without a hearing,[2] finding that the Board lacked jurisdiction because the appellant validly waived his Board appeal rights in the August 2011 settlement agreement. 0486-I, Initial Decision (July 30, 2012); 0487-I, Initial Decision (July 30, 2012).

¶4      The appellant then filed petitions for review of the aforementioned initial decisions. 0486-I, PFR File, Tab 1; 0487-I, PFR File, Tab 1. The Board joined the two appeals and granted the appellant's petitions for review. 0486-I, Remand Order (June 12, 2013). The Board found that the appellant's claim, that the agency coerced him into signing the settlement agreement by misinforming him that he would not have Board appeal rights if it effectuated his removal, constituted a nonfrivolous allegation of involuntariness entitling him to a jurisdictional hearing. Remand Order at 6-7. Thus, the Board remanded the appeals for a jurisdictional hearing, so that the appellant would have an opportunity to explain, and present evidence in support of, that nonfrivolous allegation. Remand Order at 9. The appellant raised several other claims of coercion—i.e., that the agency coerced him into signing the settlement agreement by threatening to remove him, by proposing adverse action that was discriminatory and that it knew it could not sustain, and by failing to inform him of his Board appeal rights—all of which the Board considered and rejected. Remand Order.

¶5      On remand, the administrative judge conducted a hearing, at which the appellant declined to testify. MSPB Docket Nos. DC-0752-12-0486-B-1 and DC-0752-12-0487-B-1 (0486-B), Remand File (RF), Tab 26, Hearing Compact Disc (HCD), Track 4; *see* 0486-B, RF, Tab 28, Remand Initial Decision (RID). The administrative judge thereafter issued an initial decision, again dismissing

---

[2] The administrative judge concluded that the appellant waived his right to a hearing, in part because of conflicting statements the appellant made, but we ultimately concluded that the appellant did not waive his right to a hearing. *See* 0486-I, Remand Order (June 12, 2013).

the appeals for lack of jurisdiction based on the August 2011 settlement agreement. The appellant then filed the instant petition for review, again arguing that he did not voluntarily enter into the settlement agreement. 0486-B, Remand Petition for Review (RPFR) File, Tab 12.

¶6    As an initial matter, the appellant seeks to invalidate the settlement agreement by arguing that: (1) the settlement agreement is invalid because it contains a nondisclosure provision, purportedly restricts his ability to communicate with Congress and the Office of Special counsel, and required him to waive his "non-waivable" rights under Title VII; (2) he did not receive any consideration under the settlement agreement for waiving his rights under Title VII; (3) he signed the settlement agreement under duress because the agency presented him with the agreement immediately after proposing his removal; (4) the agency coerced him into signing the settlement agreement by proposing an action which it knew it could not sustain; and (5) the deciding official intentionally withheld her decision on the proposed removal, which mitigated the proposed removal to a 30-day suspension, in order to coerce the appellant into signing the settlement agreement. *Id.* We will not consider these arguments because they all exceed the scope of the Board's remand order, some have already been raised before the Board and rejected, and some are being raised for the first time.[3] *See Zelenka v. Office of Personnel Management*, 110 M.S.P.R. 205, ¶ 15 n.3 (2008) (refusing to address an appellant's arguments which exceeded the

---

[3] On July 23, 2014, the appellant filed a request to submit evidence which he contends is new and material. 0486-B, RPFR File, Tab 17 at 3. Specifically, he seeks to submit a letter by the U.S. House of Representative's Committee on Science, Space, and Technology, as well as a report of investigation regarding the agency's Inspector General's alleged failure to remove two employees who coerced other employees into signing a nondisclosure agreement. *Id.* He also states that the Inspector General is, as a result, under investigation for retaliation and questionable hiring practices. *Id.* The appellant's request is DENIED. As previously stated, the appellant's claims regarding the validity of the settlement agreement are outside the scope of our remand order. Further, as explained in more detail below, the merits of his appeal are not before us because we do not have jurisdiction in this matter.

scope of the issues to be addressed on remand), *rev'd on other grounds*, No. 2009-3065 (Fed. Cir. 2010); *see also Sanchez v. Department of Justice*, 14 M.S.P.R. 79, 82 (1982) (the presiding official properly limited the scope of the hearing to those issues discussed in remand order, where the appellant was granted a fair opportunity on his initial appeal to present the issues he attempted to litigate at the remand hearing); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶7        On remand, the appellant again alleged that the agency misled him by stating that he would have no right of appeal if the agency removed him. 0486-B, RF, Tab 20 at 18. However, he presented no evidence regarding this issue, which was the sole issue to be addressed on remand, and does not raise any such argument on review. The evidence in the record contradicts the appellant's claim that the agency misled him with respect to his potential appeal rights. The agency attorney who assisted in negotiating and drafting the settlement agreement,[4] a management official who represented the agency during negotiations, and the appellant's union representative who assisted the appellant during negotiations, all testified that: (1) they did not advise the appellant that he would not have appeal rights if he failed to sign the settlement agreement and the agency removed him; and (2) they were not aware of anyone at the agency who so informed the appellant. HCD, Track 3. The appellant's union representative testified that he informed the appellant that he (the appellant) could choose not to

---

[4] The administrative judge noted in the initial decision that, according to the agency's attorney, the parties continued discussing settlement even after they reached an impasse before an EEOC settlement judge in or around April 2011. RID at 8; *see* 0486-I, IAF, Tab 5. The appellant argues that no additional communication occurred until after the agency provided him with the proposed settlement agreement. 0486-B, RPFR File, Tab 12 at 5, 13. Assuming arguendo that the administrative judge misstated these facts, such an error would be irrelevant to the question of whether the agency provided the appellant with misinformation regarding his potential appeal rights.

sign the terms of the settlement agreement, "take[ ] the punishment" the agency selected, and then file a union grievance or an appeal with the Board. *Id.* Further, the union representative testified that he believed the appellant "knew exactly what he was signing." *Id*. We also note that, according to the union representative, he and the appellant jointly devised retirement as a possible settlement term, and this term was later proposed to the agency.[5] *Id.* The union representative's testimony is consistent with contemporaneous notes of the deciding official regarding a conversation she had with the appellant after the agency proposed his removal, wherein he stated that he was "willing to make any concession to remain employed until September 2012," when he would be "eligible to retire at 30 years." 0486-B, RF, Tab 21 at 12.

¶8        The administrative judge found the aforementioned witnesses' testimony credible, noting that: (1) all of the witnesses corroborated each other's testimony on every major point and their testimony was consistent in all material respects with the documentary evidence of record; (2) the witnesses' testimony at the hearing was straightforward, genuine and believable, and their demeanor gave no indication of dissembling; and (3) the appellant offered no plausible reason why these witnesses would fabricate their testimony. RID at 13. We must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when there are "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We discern no basis to disturb the administrative judge's credibility determinations in this case. Based on the

---

[5] The appellant claims that he was unaware that the agency proposed settlement terms to his representative, that his representative did not provide him with any assistance, and that his representative did not propose any alternatives and informed him that he would be removed if he did not sign the settlement agreement. 0486-B, RPFR File, Tab 12 at 6. None of these arguments are relevant to the limited jurisdictional issue in this appeal.

foregoing, we find that the appellant has failed to establish that he detrimentally relied on misinformation regarding his potential appeal rights when entering into the settlement agreement and, therefore, that we lack jurisdiction over his appeal because the appellant validly waived his appeal rights therein.

¶9 The appellant alleges that the administrative judge committed several errors in adjudicating his appeal on remand, including: (1) failing to consider whether the agency proved its charges; (2) denying him discovery of documents from the deciding official regarding the proposed removal and her decision to sustain the charges, as well as other documents relating to "current & past misconduct" and "other causes for action against" him, and information regarding other employees' time and attendance; (3) denying his request for two witnesses—his first- and second-line supervisors—to testify regarding his time and attendance; and (4) exhibiting bias in favor of the agency and abusing his discretion by not sanctioning the agency for its failure to comply with the acknowledgement order and considering the agency's request to remove medical documentation from the record. 0486-B, RPFR File, Tab 12 at 5, 7-9.

¶10 The merits of the agency's charges are not at issue in this appeal because the appellant has not established the Board's jurisdiction over it. *See Evans v. Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶ 5 (2013) (the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal). We therefore find that the administrative judge acted properly in not reaching, and in denying the appellant's discovery requests which all relate to, the merits of the agency's charges.[6] Regarding the appellant's request to call his

---

[6] We also agree with the administrative judge that the appellant failed to comply with the Board's procedures regarding discovery, and that his discovery requests could therefore have been denied on that basis. *See* 0486-B, RF, Tab 25 at 3. In particular, the appellant submitted his discovery requests directly to the administrative judge, rather than to the agency. *See* 0486-B, RF, Tab 8 at 3-4, Tab 14 at 3; *see also* 5 C.F.R. § 1201.71 (discovery requests and responses thereto are not to be filed in the first instance with the Board).

first- and second-line supervisors as witnesses, we note that the administrative judge did not deny this request, but rather, the appellant withdrew it. 0486-B, RF, Tab 22 at 5, Tab 25 at 2; *see* HCD, Track 1 (the appellant did not object to the prehearing conference summary, insofar as it stated that he withdrew his request for his first- and second-line supervisors to testify). In any event, testimony regarding the appellant's time and attendance is irrelevant as it relates to the merits of the agency's charges, so we discern no error or harm.[7] As to the appellant's assertion that the administrative judge was biased, he has not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The administrative judge stated below that he did not suggest to the agency's representative that he would delete any information from the appellant's pleadings and, moreover, "grant[ed] the appellant's motion to not delete any documents he submitted." 0486-I, IAF, Tab 26 at 3; *see* 0486-I, IAF, Tab 21 (the appellant's opposition to the agency's alleged request to have "all of the medical documents removed from [his] response file"). Further, even if the agency failed to submit documentation relating to the merits of its charges, the appellant has not suffered any harm because such information does not relate to the threshold issue of jurisdiction in this matter, and the administrative judge's decision not to sanction the agency for failing to produce irrelevant evidence does not establish bias.

---

[7] The appellant attaches evidence which he contends is new and was previously unavailable because he received it via a Freedom of Information Act request. 0486-B, RPFR File, Tab 12 at 6. Specifically, he submits time and attendance records for the time period when he was charged with receiving pay for time not worked in the proposal notice, and Standard Form 50s documenting his suspension, reassignment, and retirement pursuant to the settlement agreement, as well as various performance awards he has received. *Id.* at 6, 17-46. These documents are not material, as they have no bearing on the Board's jurisdiction over this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (alleged new evidence must be of sufficient weight to warrant an outcome different from that in the initial decision).

¶11     The appellant raises claims of discrimination on various bases under Title VII.  0486-B, RPFR File, Tab 12 at 4-5, 10, 13.  As explained in our remand order, wherein we specifically addressed the appellant's claim that the proposed removal action was motivated by discriminatory animus, the Board may consider Title VII discrimination claims only after a finding of jurisdiction is made.  0486-I, PFR File, Tab 9 at 9-10 n.10; *see Cruz v. Department of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc).  To the extent that the appellant is attempting to raise an affirmative defense, we clarify that the Board has no authority to consider affirmative defenses where it cannot hear an appeal on its merits because it lacks jurisdiction to do so.  *See Martin v. Department of Defense*, 70 M.S.P.R. 653, 657 (1996).  Moreover, contrary to the appellant's contention that he is entitled to mixed appeal rights, his appeal is not a mixed case because we lack jurisdiction over it.  0486-B, RPFR File, Tab 12 at 4; *see Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1118 (Fed. Cir. 2013) (a case is mixed only if the Board has jurisdiction to decide the employee's appeal from the adverse action at issue); *see also Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶¶ 8, 13-14 (2013) (providing notice of non-mixed appeal rights because although the appellant alleged that her termination was based on disability discrimination, she did not have the right to appeal her termination to the Board because she failed to make a nonfrivolous allegation of jurisdiction).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.